COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


MARVIN JAY SMITH

v.      Record No. 1686-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
MAY 18, 2004


FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
J. Howe Brown, Jr., Judge Designate

Charles L. Weber, Jr., for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Marvin Jay Smith appeals his conviction, after a bench trial, for driving after having been declared an habitual offender, second or subsequent offense, in violation of Code § 46.2-357.[1] Smith contends the trial court erred in finding the evidence sufficient to support his conviction because the Commonwealth failed to produce evidence that the Department of Motor Vehicles (DMV) strictly complied with the mailing requirements of former Code § 46.2-352(A). Smith contends that compliance with the mailing requirements was "necessary to place the revocation order," upon which his conviction was based, "in effect."

We addressed this very issue in Clements v. Commonwealth, ___ Va. App. ___. ___ S.E.2d ___ (2004), decided this day. In that case, Clements argued "the underlying Order of

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication. Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

[1] Smith was also convicted of one count of forgery, in violation of Code § 18.2-168. However, Smith does not challenge that conviction.

Revocation was defective because the Commonwealth did not prove that the commissioner used the appropriate mailing procedures" as set forth in Code § 46.2-352(A). Id. at ___, ___ S.E.2d at ___. Clements, like Smith, contended this "failure" rendered the Order of Revocation void for lack of "subject matter jurisdiction." Finding that the Commissioner of the DMV is a public official, and recognizing that we presume "public officials will obey the law," we held that, absent evidence to the contrary, we must presume the commissioner followed the statute's requirements for mailing the notice. Id. at ___, ___ S.E.2d at ___. We, thus, did not reach the remaining issues.

We find that this analysis and conclusion applies equally here. Indeed, Smith offered no evidence that the Commissioner violated his statutory duty to mail the revocation notice. Thus, for the reasons more particularly stated in Clements, we affirm Smith's conviction.

Affirmed.